UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONYA E. TRZEBNY,

        Plaintiff,

  v.

KILOLO KIJAKAZI,

        Defendant.

Case No. 23-cv-531-pp

---

**ORDER DENYING PLAINTIFF'S AMENDED MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 5)**

---

## I.   Procedural History

On April 26, 2023, the plaintiff—who is representing herself—filed a against the "Commissioner of Social Security, Kilolo Kijakazi;" she prepared the compliant using the court's "Complaint for a Civil Case" form. Dkt. No. 1 at 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because this district court reviews decisions by administrative law judges denying claimant's requests for Social Security disability benefits, the court assumed that the plaintiff was asking the court to review an administrative law judge's decision deny her disability benefits. On May 1, 2023, the court ordered the plaintiff to refile her complaint and request to proceed without prepaying the filing fee using the Eastern District of Wisconsin's standard complaint form for Social Security appeals and for asking to proceed without prepaying the filing fee. Dkt. No. 3. The court forwarded

1

blank copies of these forms to the plaintiff and set a deadline of May 22, 2023 by which the plaintiff must refile. Id. The court also explained that when completing the complaint form, the plaintiff should attach (if she had them) a copy of the administrative law judge's decision and a copy of the Appeals Council's notice or determination. Id.

On May 11, 2023, the plaintiff filed her amended complaint and her amended motion for leave to proceed without prepaying the filing fee. Dkt. Nos. 4, 5. The plaintiff did not attach a copy of the ALJ's decision or the Appeals Council's determination. In her amended complaint, under the "Statement of Claim" section asking what type of Social Security benefits the filer was seeking, the plaintiff checked the box for "other" and wrote in "discrimination." Dkt. No. 4 at 2. In the section asking for any additional facts, the plaintiff wrote, "I think this is the wrong form. The complaint is for discrimination. Refer complaint forwarded Apr 23, 2023." Id. at 3.

Under the "Previous Lawsuits" section of the form (which asks whether the plaintiff had filed any other case in state or federal court, whether or not related to the same facts involved in this case), the plaintiff directed the court's attention to a case she filed in the Western District of Wisconsin (21-cv-570-wmc) also naming "Commissioner of Social Security Administration" as a defendant. Dkt. No. 4 at 2. The plaintiff filed her complaint in that case on September 4, 2021; as she does here, she represented herself. Case No. 21-cv-570-wmc (W.D. Wis.), Dkt. No. 1.[1] On September 29, 2022, District Judge

---

[1] This filing is restricted and the court is unable to view it.

2

Case 2:23-cv-00531-PP   Filed 06/16/23   Page 2 of 5   Document 6

William Conley affirmed the Commissioner's decision to deny the plaintiff's claim for disability benefits under the Social Security Act, finding that "the ALJ's opinion was well-explained and supported by the record . . . ." Id., Dkt. No. 32 at 1. See also id. at 7 ("In sum, plaintiff has failed to present any persuasive arguments showing that the ALJ's decision was unsupported by substantial evidence and has failed to identify any reversible error in the ALJ's decision."). The Western District entered judgment affirming the decision of the Commissioner and the case was dismissed.[2] Id., Dkt. No. 33.

Now that the court has reviewed all of these pleadings, it understands that the plaintiff is *not* appealing a denial of disability benefits; she already did that in the Western District of Wisconsin. It appears that before this court, the plaintiff is alleging a claim of discrimination against the Commissioner of the Social Security Administration under "Title VII of Civil Rights Act 1964, Title I and Title V of American Disabilities Act 1990, Section 504 of Rehabilitation Act 1973" for denying her disability benefits. Dkt. No. 1 at 3–4. In other words, she is not arguing that the administrative law judge incorrectly applied the law governing Social Security disability benefits. She is arguing that the Commissioner unlawfully discriminated against her in denying her benefits, by denying her benefits based on a disability (substance abuse).

---

[2] The plaintiff appealed this decision. Case No. 21-cv-570-wmc (W.D. Wis.), Dkt. No. 38. On May 16, 2023, the Seventh Circuit concluded that the ALJ's decision was supported by substantial evidence and affirmed. Appeal No. 22-2919 (7th Cir.), Dkt. No. 26.

3

## II. Plaintiff's Amended Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 5)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee. 28 U.S.C. §1915(a). If the plaintiff cannot prepay the filing fee, then the court must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B).

The plaintiff reports that she is unemployed, unmarried and has no children or other dependents. Dkt. No. 5 at 1. She says that she has no other sources of income. Id. at 2. In listing her expenses, the plaintiff stated that she has no rent, mortgage, car or credit card payments. Id. When asked about other household expenses, such as groceries, clothes, medical bills, utilities, cell phone and Internet, the plaintiff wrote that these expenses are "paid for by [her] father." Id. The plaintiff indicates that she does not have any other monthly expenses. Id. at 3. The plaintiff reports that she owns a car worth approximately $1,600 and has a total of $2,335 in cash or checking, savings or other similar accounts. Id.

The court finds that the plaintiff has not established that she is eligible to proceed without prepaying the filing fee. The plaintiff has no expenses and although the plaintiff has no income, she has $2,335 in savings. The court will require the plaintiff to pay the $402 civil filing fee if she wishes to proceed with this case.

Once the court receives the filing fee, it will review the facts alleged in the original and the amended complaints the plaintiff has filed and will determine whether she has stated a claim for which this federal court may grant relief.

## III. Conclusion

The court **DENIES** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **ORDERS** that the plaintiff must pay the full $402 civil filing fee by the end of the day on **July 7, 2023**. If the court does not *receive* the full filing fee by the end of the day on **July 7, 2023**, the court will dismiss the case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 16th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
