UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONYA E. TRZEBNY,

    Plaintiff,

v.                                                        Case No. 23-CV-531

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER

The procedural history and facts underlying this action are outlined in greater detail in the court's prior decision. (*See* ECF No. 27.) On April 26, 2023, plaintiff Tonya E. Trzebny, proceeding *pro se*, filed this action, naming as defendant the Commissioner of Social Security. (ECF No. 1.) Trzebny's claims pertained to a 2019 application for disability benefits under Title II of the Social Security Act and subsequent administrative appeals. Trzebny claimed that, in the ALJ's decision affirming the denial of benefits, the ALJ's discussion of her substance abuse issues constituted disability discrimination in violation of Title VII of the Civil Rights Act of 1964, Titles I and V of

the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. (ECF No. 1 at 4.)

On July 10, 2023, the Commissioner filed a motion to dismiss or, alternatively, for summary judgment. (ECF No. 12.) On November 9, 2023, the court granted the Commissioner's motion to dismiss, finding that Trzebny's claims were barred by the doctrine of *res judicata*, as Trzebny had already pursued judicial review of the denial of benefits before the Western District of Wisconsin and the Seventh Circuit Court of Appeals, where both courts concluded that the ALJ's discussion of her substance abuse was proper. (ECF No. 27.) The court nonetheless gave Trzebny until November 30, 2023, to file an amended complaint due to her *pro se* status, her insistence that she was not seeking judicial review of the Commissioner's decision regarding her benefits claim, and the fact that she misunderstood the requirements regarding the sufficiency of the complaint. (*Id.* at 14.) In its order the court warned Trzebny that any subsequent claims pertaining to her past benefits decision would be barred by the doctrine of *res judicata*. (*Id.*)

On November 28, 2023, Trzebny filed an amended complaint (ECF No. 28) and a "response" to the court's November 9, 2023, order granting the Commissioner's motion to dismiss (ECF No. 29). This order screens Trzebny's amended complaint and dismisses the action.

1. Legal Standard

The court may screen and dismiss a complaint if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This is true even where a plaintiff has paid the filing fee. *Griffin v. Milwaukee Cnty.*, 369 F. App'x 741, 743 (7th Cir. 2010) ("[D]istrict courts are permitted to screen every complaint, regardless of a plaintiff's fee status.") (citing 28 U.S.C. § 1915(e)(2)(B)); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

The parties have already gone through the process of litigating one motion to dismiss. The court will screen Trzebny's amended complaint to save the parties the time and expense of responding to it in the event it raises the same issues as her initial complaint.

To survive a motion to dismiss under Rule 12(b)(6) a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court

3

Case 2:23-cv-00531-WED   Filed 12/01/23   Page 3 of 7   Document 30

accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

2. Analysis

In her amended complaint Trzebny states:

> Disability (Bipolar I – Manic Depression, and Severe Anxiety Disorders) benefits applied for were denied by SSA, who also accused the Plaintiff of substance abuse. Plaintiff has never been arrested, charged with possession, convicted, or hospitalized for use of illegal drugs. It is a common excuse by SSA to deny benefits, and US Federal Court supports SSA falsehoods. I must recognize the corner that the 'system' has wrongfully put me into. However, substance abuse is an SSA recognized disability that SSA discriminated against, which is against US law, and for which SSA did not provide disability benefits.

(ECF No. 28 at 4.) These allegations are substantially similar to those in Trzebny's initial complaint.

As the court explained in its previous order, the claims in Trzebny's initial complaint regarding the ALJ's characterization and discussion of her substance abuse have already been subject to judicial review and were consequently barred by the doctrine of *res judicata*. Because the claims in Trzebny's amended complaint are essentially the same as those in her initial complaint, the *res judicata* analysis leads to the same result here.

*Res judicata* "gives preclusive effect to a prior lawsuit if (1) a court of competent jurisdiction rendered a final judgment on the merits, (2) the new lawsuit involves the same 'cause of action' as the old, and (3) there is an identity of parties or their privies

between the suits." *Kykta v. Ciaccio*, 633 Fed. Appx. 340, 343 (7th Cir. 2015) (citing *Arlington Golf, LLC v. Vill. Of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011)). All three elements are present. Trzebny has already received a final decision on the merits. Trzebny sought review of the Commissioner's decision denying benefits in the U.S. District Court for the Western District of Wisconsin, which affirmed the Commissioner's decision and dismissed the case. *Trzebny v. Kijakazi*, No. 21-CV-570-WMC, 2022 WL 4547502 at *4 (W.D. Wis. Sept. 29, 2022). On appeal, the Seventh Circuit affirmed. *Trzebny v. Kijakazi*, No. 22-2919, 2023 WL 3480912 at *3 (7th Cir. May 16, 2023).

Trzebny's current lawsuit involves the same cause of action as the previous one. In the previous litigation Trzebny challenged the characterization and discussion of her substance abuse, and both the district court and court of appeals concluded that such discussion was proper. *See Trzebny v. Kijakazi*, 2022 WL 4547502 at *3; *Trzebny v. Kijakazi*, 2023 WL 3480912 at *3. The fact that Trzebny now claims the discussion of her substance abuse was discriminatory does not change the fact that her current claims arise out of the same facts as her claims in the previous lawsuit. *See Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539 (7th Cir. 2011) (quoting *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993)) ("Even if the two claims are based on different legal theories, the 'two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations.'") Trzebny's claims in both lawsuits relate

to the ALJ's characterization and discussion of her substance abuse, despite being based on different theories.

Lastly, there is an identity of the parties in both actions. Trzebny was the plaintiff in the first lawsuit, as she is here. The Commissioner was the defendant then as now.

Trzebny's "response" to the court's November 9, 2023, order further supports the conclusion that her claims are precluded by *res judicata*. Trzebny asserts the claims are unrelated because one alleged that she was wrongfully denied benefits and the other alleges discrimination. (ECF No. 29 at 9.) But both actions are based on the ALJ's discussion of her substance abuse. As Trzebny states, "the Plaintiff clarifies that the Discrimination Complaint is a result of statements and decisions made by SSA during the application for benefits by the Plaintiff." (*Id.* at 7.) That is the problem. Trzebny cannot relitigate the issue of whether the characterization and discussion of her substance abuse was proper.

3. Conclusion

For the reasons stated above, Trzebny's claims against the Commissioner are barred by the doctrine of *res judicata*. As a result, the complaint fails to state a claim on which relief can be granted, and the amended complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that Trzebny's amended complaint is **dismissed.** Case number 23-cv-531 is **dismissed**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 1st day of December, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.